IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**DAVID MEYERS,**

    Petitioner,

v.                                                                      Civil Action No. **3:22CV138**

**NCDPS PRISONS DIRECTOR TODD ISHEE,** *et al.*,

    Respondents.

## MEMORANDUM OPINION

David Meyers, a Virginia inmate currently held in North Carolina, proceeding *pro se*, submitted this 28 U.S.C. § 2254 petition. ("§ 2254 Petition," ECF No. 20).[1] The matter was transferred to this Court by the United States District Court for the Eastern District of North Carolina. (ECF Nos. 16, 17.) By Memorandum Order entered on March 30, 2022, the Court directed Meyers to complete and return the standardized form for filing a § 2254 petition. Meyers has filed the standardized form.

In his § 2254 Petition, Meyers clearly identifies that he challenges his convictions of robbery, malicious wounding, two counts of abduction, and four counts of use of firearm in the commission of a felony in the Circuit Court for the City of Petersburg. (ECF No. 20, at 1.)[2] The Court previously has denied a 28 U.S.C. § 2254 petition by Meyers challenging the above conviction. *Meyers v. Clarke*, No. 2:19cv234, 2020 WL 4745123, at *22 (E.D. Va. June 15,

---

[1] The Court employs the pagination assigned by the CM/ECF docketing system. The Court corrects the capitalization, spelling, and punctuation in the quotations from Meyers's submissions.

[2] Meyers identifies his convictions by case number and these cases clearly correspond to these convictions. *See Meyers v. Clarke*, No. 2:19cv234, 2020 WL 4745123, at *22 (E.D. Va. June 15, 2020).

2020), *Report and Recommendation adopted*, 2020 WL 4740447 (E.D. Va. Aug. 14, 2020), *appeal dismissed*, 857 F. App'x 767 (4th Cir. 2021). Therefore, for the reasons set forth below, the action will be DISMISSED for lack of jurisdiction.

The Antiterrorism and Effective Death Penalty Act of 1996 restricted the jurisdiction of the district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a "gatekeeping mechanism." *Felker v. Turpin*, 518 U.S. 651, 657 (1996) (internal quotation marks omitted). Specifically, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

The Court has not received authorization from the United States Court of Appeals for the Fourth Circuit to file the present § 2254 Petition. Therefore, the action will be DISMISSED for want of jurisdiction.[3] Because this Court lacks jurisdiction to entertain his § 2254 Petition,

---

[3] The Court notes that in addition to claims challenging his conviction it appears that Meyers has various, rambling and far-reaching allegations that may attempt to raise constitutional claims against the judges and the Clerk of this Court, the judges of the Fourth Circuit, individuals involved in his state and federal criminal proceedings, and those who are tasked with his ongoing incarceration. "[T]he settled rules [provide] that habeas corpus relief is appropriate only when a prisoner attacks the fact or duration of confinement, *see Preiser v. Rodriguez*, 411 U.S. 475 (1973); whereas, challenges to the conditions of confinement that would not result in a definite reduction in the length of confinement are properly brought" by some other procedural vehicle, including a 42 U.S.C. § 1983 complaint. *Olajide v. B.I.C.E.*, 402 F. Supp. 2d 688, 695 (E.D. Va. 2005) (emphasis omitted) (internal parallel citations omitted) (citing *Strader v. Troy*, 571 F.2d 1263, 1269 (4th Cir. 1978)). To the extent that Meyers wishes to challenge his conditions of confinement or any other constitutional claim that does not affect the fact or duration of his confinement, he may not bring such challenge by way of habeas corpus. Meyers must file a § 1983 complaint complaining about his current conditions of confinement in the district where he is incarcerated.

2

Meyers's accompanying motions (ECF Nos. 5, 21, 22, 23, 24, 25, 28, 29, 30) are DENIED. A certificate of appealability will be DENIED.[4]

An appropriate Final Order will accompany this Memorandum Opinion.

/s/
M. Hannah Lauck
United States District Judge

Date: 5-23-2022
Richmond, Virginia

---

[4] An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & 4 (1983)). Meyers fails to meet this standard.

3